# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICARDO CRUZ and PEARL LUFRANO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 08 C 2087 ) |
| CITY OF CHICAGO, a municipal corporation, and Chicago Police Officer JOHN HALEAS, Star 6719, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant City of Chicago's ("City") motion [35] to bifurcate and to stay discovery and trial as to Plaintiffs' claims against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1976), Plaintiffs' response in opposition [38], and the City's reply in support [42]. For the reasons stated below, the City's motion is granted, subject to the City's acceptance of the modifications to its proposed stipulation outlined in this opinion.

**I.  Background**

Plaintiffs Ricardo Cruz and Pearl Lufrano filed this action against Defendants City of Chicago and Chicago Police Officer John Haleas under 42 U.S.C. § 1983. Plaintiffs contend that Haleas violated their Fourteenth Amendment rights through various actions, including false arrest, false imprisonment, fabrication of police reports, and false testimony in criminal proceedings. Plaintiffs also seek recovery against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1976), alleging that municipal customs, policies, and practices caused

the alleged constitutional violations. In addition, Plaintiffs have brought various state law claims against both Defendants.

Shortly after the commencement of this action, the Court was informed that a criminal action against Defendant Haleas is pending in state court. In light of that criminal action, the Court entered an order [43] granting Haleas' motion to stay proceedings in this case to ensure that Haleas would not be forced to make a decision concerning his Fifth Amendment privilege while the stay is in place. In the same order, the Court denied the City's motion to stay the entire case. The City now has moved for bifurcation of Plaintiffs' *Monell* claims and to stay discovery and trial on those claims [35] until the claims against Officer Haleas are resolved.

## II. Analysis

Federal Rule of Civil Procedure 42(b) authorizes federal courts to order a separate trial of one or more separate issues or claims if separation (or bifurcation) is warranted "[f]or convenience, to avoid prejudice, or to expedite and economize." Bifurcation may be appropriate if one or more of the Rule 42(b) criteria is met. See, *e.g.*, *Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000). District courts approach bifurcation motions with a pragmatic mindset, and the district court's exercise of its "'considerable discretion to order the bifurcation of a trial'" will be set aside on appeal "'only upon a clear showing of abuse.'" *Id*. at 364-64 (quoting *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000)).

Motions to bifurcate *Monell* claims are now commonplace, and "[c]ourts in our district have both granted and denied similar motions by the City." *Ojeda-Beltran v. Lucio*, 2008 WL 2782815, at *1 (N.D. Ill. July 16, 2008). "Thus, there is a growing body of precedent in this district for both granting and denying bifurcation in § 1983 cases" (*Elrod v. City of Chicago*, 2007 WL 3241352, at *2 (N.D. Ill. Nov. 1, 2007)), with the result in each instance "reflect[ing] a

case-specific assessment of the advantages and disadvantages of bifurcation." *Ojeda-Beltran*, 2008 WL 2782815, at *1.

The spate of bifurcation motions and the willingness of many judges to grant them stems in large part from the recognition that, in many (perhaps most) instances, "claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them." *Moore v. City of Chicago*, 2007 WL 3037121, at *9 (N.D. Ill. Oct. 15, 2007); see also *Ojeda-Beltran*, 2008 WL 2782815, at *2 (noting that litigating plaintiffs' *Monell* claim will be a "more burdensome and time-consuming task" than litigating plaintiffs' claims against the individual officer defendant). Here, the claims against the City alleged in Plaintiffs' complaint refer to a sufficiently wide-ranging set of potentially relevant policies and practices that the characterizations of the *Monell* claims in *Moore* and *Ojeda-Beltran* may well apply to this case. In addition, because of state law and the City's frequent practice of offering to stipulate to judgment being entered against it and to pay compensatory damages and reasonable attorneys' fees in the event of a judgment against the individual defendant officer(s) on the plaintiff's constitutional claims,[1] judges in this district have questioned why Section 1983 plaintiffs would

---

[1] The City's stipulation states as follows:

**STIPULATION TO ENTRY OF JUDGMENT**
**AGAINST DEFENDANT CITY OF CHICAGO**

Defendant City of Chicago hereby stipulates to the following:

1. Plaintiffs Ricardo Cruz and Pearl Lufrano have filed a Complaint against an individual defendant police officer. Plaintiffs' Complaint ("Complaint") includes various claims brought under federal and state law.

2. In plaintiffs' Complaint, plaintiffs claim that the individual defendant police officer violated their constitutional rights as a direct result of various unconstitutional policies, practices, and customs of the City of Chicago. Hence, plaintiffs have brought various *Monell* claims against the City.

"want or need to proceed any further" after resolution of their claims against the individual officer defendants. *Moore*, 2007 WL 3037121, at *9. Here, for example, if Plaintiffs prevail against Officer Haleas, state law "directs local governments to pay tort judgments for compensatory damages" for which their employees are liable (*id*.), and the City has acknowledged in its reply brief (at 1) that the stipulation to the entry of judgment that it has offered includes reasonable attorneys' fees as well. If, on the other hand, Plaintiffs cannot prove that Officer Haleas "violated their constitutional rights, their *Monell* claim against the City will fail as a matter of law." *Ojeda-Beltran*, 2008 WL 2782815, at *2.

On the other side of the ledger, the Court notes that judges in this district have echoed Plaintiffs' concerns about delay of the case and possible prejudice to Plaintiffs from that delay. The Court also recognizes that Plaintiffs have the right to select the claims that they wish to pursue, and that even if pursuing a *Monell* claim may have minimal pecuniary reward, the

---

3. In plaintiffs' complaint, they seek a judgment against the City for damages caused by the alleged violations of his rights under the Constitution.

4. Even if plaintiffs' constitutional rights were violated, the City specifically denies that any constitutional violation alleged by plaintiffs in their complaint was caused by a person with "final policymaking authority," denies that the City has any "policies, customs or practices" that cause constitutional deprivation, denies that it has any widespread practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies that it has the requisite degree of culpability therefrom, and denies that any alleged "custom, policy or practice" of the City directly caused the alleged violations that would give rise to liability under section 1983.

5. Notwithstanding its denial of plaintiffs' allegations, the City agrees to entry of judgment against the City for compensatory damages if and only if the finder of fact in this case finds that any City employee violated plaintiffs' constitutional rights as alleged in his complaint. For this purpose and in this case only, the City specifically waives its right under *Monell v. New York City Dept. of Social Services* not to be held liable in damages under section 1983 without proof that the City by its "policy, custom, or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if such a constitutional violation is found, the City agrees to entry of a judgment against it for compensatory damages based on the constitutional violation alone, not upon any alleged "custom, policy or practice."

6. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other posttrial relief from such judgment based on any grounds not inconsistent with this stipulation.

potential to deter future official misconduct is itself "a proper object of our system of tort liability." *Cadiz v. Kruger*, No. 06-cv-5463, Memorandum Opinion and Order, at 11, 16 (N.D. Ill. Nov. 29, 2007); see also *Ojeda-Beltran*, 2008 WL 2782815, at *4 ("there are non-economic benefits that can be obtained through suing the City that are unavailable through the suit of Defendant Officers").

After consideration of the arguments of the parties and the pertinent authorities, the Court is persuaded that, on balance, bifurcation of Plaintiffs' *Monell* claim under Rule 42(b) and a stay at least as to "purely *Monell*" discovery are warranted in the circumstances of this case.[2] In reaching that decision, the Court concludes (i) that the interests of convenience and efficiency will be served through bifurcation and a stay and (ii) that no party will suffer substantial prejudice in view of the stipulation proposed by the City and the suggested modifications to that stipulation discussed below. See *Almaraz v. Haleas*, ___ F. Supp. 2d ___, 2008 WL 4868635, at *2-*5 (N.D. Ill. Oct. 9, 2008); *Ojeda-Beltran*, 2008 WL 2782815, at *2; *Moore*, 2007 WL 3037121, at *9.

In regard to the stipulation, the Court initially observes that several other judges in this district have found that stipulations containing similar language adequately ensure that successful plaintiffs will obtain the full measure of their damages. See *Elrod*, 2007 WL 3241352, at *4 (collecting cases). As Judge Zagel has explained, "the stipulation is binding for the life of this case, even if state law or union agreements change" and it "guarantees that if the

---

[2] The Court recognizes that, as a practical matter, a stay of "purely *Monell*" discovery, coupled with the stay of this action as to Officer Haleas to protect his Fifth Amendment rights, may be tantamount to a stay of the entire action pending the disposition of the pending state criminal proceeding against Officer Haleas. However, the City's reply brief (at 5) at least suggests that there may be "some evidence of the City's policies" that may be "relevant to [Plaintiffs'] case against defendant Haleas," and thus would not relate solely to Plaintiffs' *Monell* claims. To the extent that Plaintiffs may craft discovery requests to seek such evidence from the City without infringing on Officer Haleas' ability to protect his Fifth Amendment rights, they may attempt do so.

officer[] [is] finally assessed damages, Plaintiff[s] will be paid notwithstanding any change in law or policy, and without further legal costs." *Parker v. Banner*, 479 F. Supp. 2d 827, 829 n.3 (N.D. Ill. 2007).

Nevertheless, Plaintiffs raise concerns about certain aspects of the stipulation that the Court believes merit discussion and clarification. To the extent that the stipulation can be said to suffer from potential vagueness or ambiguity, the Court finds the recent opinion by Judge Hart in *Almaraz* – considering a stipulation offered in support of a motion to bifurcate in another case involving the City and Officer Haleas – to be highly instructive. Both here and in *Almaraz* the stipulations refer to liability findings by "the finder of fact." See *Almaraz*, 2008 WL 4868635, at *3. This Court adopts the clarification made by Judge Hart – namely that "[t]he terms of the stipulation will also be applied if an individual is held liable on a motion for summary judgment or any other court procedure not involving a finder of fact." *Id*. The Court also recognizes the "exception" noted by Judge Hart for "liability based on a settlement to which the City is not a party, or a non-court procedure such as arbitration or mediation unless the City agrees to be bound by such proceedings." *Id*. The Court also notes a discrepancy between the proposed stipulation, which omits any discussion of attorneys' fees, and Defendants' reply brief, which acknowledges up front (at 1) that the City will pay any "reasonable attorneys' fees" awarded to Plaintiffs. In view of that acknowledgment, the Court directs the City to revise the stipulation to track paragraph 3 of the stipulation in *Almaraz*, which includes the language "and, to the extent allowed by the Court, reasonable attorneys fees pursuant to 42 U.S.C. § 1988." *Id*. at *2. Finally, as Judge Hart recently stated, any remaining ambiguities in the document "would be resolved against the City as the drafter" and "construed in light of the understanding that the City

6

was attempting to avoid litigating *Monell* issues and instead concede liability if one of its employees is liable." *Id.*[3]

In accepting the stipulation (as modified), granting the motion to bifurcate Plaintiffs' *Monell* claim, and staying discovery as to that claim pending further order of the Court, the Court stresses that "[b]ifurcation of the *Monell* claim is not dismissal of the *Monell* claim" (*Ojeda-Beltran*, 2008 WL 2782815, at *4), and that "Plaintiffs retain the right to discover and try their *Monell* claims" (*Elrod*, 2007 WL 3241352, at *8). As Magistrate Judge Brown succinctly summarized,

> Bifurcation in this case means structuring the process to facilitate a more economical and efficient process of discovering the merits of the underlying § 1983 claim, at the conclusion of which the parties will have the opportunity to consider possible settlement or go to trial on the underlying claim, without having incurred the expense of discovery relating to the *Monell* claims. If settlement is not reached and the trial results in a verdict for one or both of the Plaintiffs, the Plaintiffs reserve their right to discover and try the *Monell* claims. The City's Stipulation does not eliminate that right.

*Elrod*, 2007 WL 3241352, at *8.[4]

---

[3] In Judge Hart's original October 9 order, he stated that the clarifications "will be considered to be incorporated in the stipulation, unless, within two weeks after the date of today's order, the City presents a motion seeking to reject or modify any or all of the clarifications. Any ruling on such a motion could also result in the modification of other aspects of today's ruling." *Almaraz*, No. 07 c 6134, Opinion and Order at 7 (Oct. 9, 2008). This Court will follow the same course, except that any motion to reject or modify need not be presented until 1/8/09, and further requests that, to the extent that the City accepts the clarifications and modifications set forth above (as it appears to have done in *Almaraz*), it tender to the Court and to counsel for Plaintiffs a revised stipulation that incorporates those modifications.

[4] As Judge Hart noted, the allegations against Officer Haleas both in *Almaraz* and in this case concerning fabricated evidence and false testimony do not involve "the type of conduct for which qualified immunity would apply." *Almaraz*, 2008 WL 48686835, at *3. Several other judges in this district similarly have commented on the remote likelihood of a successful qualified immunity defense in a police misconduct case. See, *e.g.*, *Parker*, 479 F. Supp. 2d at 828, 833; *Elrod*, 2007 WL 3241352, at *5; *Moore*, 2007 WL 3037121, at *9. In any event, as the City has noted (at 3 n.6), it has agreed in the stipulation to entry of judgment against it upon a finding "that *any* City employee violated plaintiffs' constitutional rights as alleged in plaintiffs' complaint," and thus would remain on the hook even if Officer Haleas were to successfully assert a qualified immunity defense. See *Almaraz*, 2008 WL 48686835, at *2 ("the City concedes that it would be liable under the stipulation if an individual defendant is found to have committed a constitutional violation, but is not liable for damages based on qualified immunity").

### III. Conclusion

For the reasons stated above, the City's motion [35] to bifurcate and to stay discovery and trial on Plaintiffs' *Monell* claims is granted, subject to the City's acceptance of the modifications to its proposed stipulation outlined in this opinion.

Dated:  December 16, 2008                _____
                                         Robert M. Dow, Jr.
                                         United States District Judge