# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2087 | **DATE** | 2/15/2011 |
| **CASE TITLE** | Cruz, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants Defendant Haleas's renewed motion to stay discovery [71] and Defendant City of Chicago's motion to join [77]. The stay of proceedings in this case is reinstated at least through the next status date in view of the ongoing criminal matters pertaining to Defendant Haleas. The parties are requested to file a joint status report by 4/30/2011 and this matter is set for further status on 5/5/2011 at 9:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

**I.    Background**

Plaintiffs Ricardo Cruz and Pearl Lufrano filed this action against Defendants City of Chicago and Chicago Police Officer John Haleas under 42 U.S.C. § 1983. Plaintiffs contend that Haleas violated their Fourteenth Amendment rights through various actions, including false arrest, false imprisonment, fabrication of police reports, and false testimony in criminal proceedings, arising out of Haleas's arrest of Plaintiff Cruz on February 19, 2005. Plaintiffs also seek recovery against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1976), alleging that municipal customs, policies, and practices caused the alleged constitutional violations. In addition, Plaintiffs have brought various state law claims against both Defendants.

Shortly after the commencement of this action, the Court was informed of a criminal action against Defendant Haleas that was pending in state court. The indictment in the state court proceeding (No. 08-7115) alleged that Officer Haleas committed several felonies in connection with the arrest of Edward Beck on April 9, 2005. In light of that criminal action, the Court entered an order [43] granting Haleas's motion to stay proceedings in this case to ensure that Haleas would not be forced to make a decision concerning his Fifth Amendment privilege while the stay was in place. See, *e.g.*, *United States v. Balsys,* 524 U.S. 666, 672 (1998) (explaining that the Fifth Amendment privilege against self incrimination "'can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory,' in which the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal proceeding"); *In re High Fructose Corn Syrup Antitrust Litig.,* 295 F.3d 651, 663-64 (7th Cir. 2002) (explaining that to "be privileged by the Fifth Amendment to refuse to answer a

question, the answer one would give if one did answer it (and answer it truthfully) must have *some* tendency to subject the person being asked the question to criminal liability") (emphasis in original).

On November 4, 2009, the Circuit Court of Cook County dismissed the criminal indictment against Haleas on the ground that prosecutors made improper use of statements that Haleas gave to Internal Affairs investigators. Following that development in the state court litigation, this Court entered a minute order [65] lifting the stay as to Defendant Haleas. In that minute order, the Court observed that "[i]n the event that the state court's ruling is overturned on appeal or Officer Haleas is re-indicted, any party may request – or the Court on its own motion may consider – a reevaluation of the pertinent stay factors."

On October 13, 2010, the Illinois Appellate Court entered an order vacating the Circuit Court's dismissal of the criminal indictment against Haleas and remanding the case. *People v. Haleas,* 404 Ill. App. 3d 668 (Ill. App. Ct. 2010). That change in the circumstances of the underlying case has prompted both Haleas and the City of Chicago to ask this Court to reinstate the stay.

**II.    Analysis**

Determination of whether to grant (or lift or reinstate) a stay on account of parallel criminal litigation involves balancing the interests of the plaintiffs, the defendants, and the public. The factors considered include the following non-exclusive list: (1) whether the civil and criminal matters involve the same subject; (2) whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of the civil plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. See, *e.g. Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 945 (N.D. Ill. 2008); *Cruz v. County of DuPage*, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997) (citing cases). "The proponent of the stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

As the Court previously has noted, the fact that (1) the federal civil litigation and the pending state criminal case (which is now on appeal) do not involve the same incident and that (2) the State is not a party in the civil matter weigh against a stay. Plaintiffs' interest in proceeding with the lawsuit also cuts against reinstating the stay. However, because (1) Haleas' faces a real possibility of incrimination in the now-reinvigorated criminal action, (2) his actions in parallel criminal cases strongly suggest that he will assert his Fifth Amendment rights, and (3) the public has an interest in ensuring that the prosecution can proceed untainted by civil litigation, the balance of the pertinent factors, although close, weighs in favor of a stay. See *Chagolla,* 529 F. Supp. 2d at 947; *In re High Fructose Corn Syrup Antitrust Litig.,* 295 F.3d at 663-64; *Martinez v. Haleas*, No. 08-cv-1014, at 2 (N.D. Ill. Jan. 26, 2011) (reinstating stay). With that said, the Court is cognizant that the balance of factors for and against a stay may be altered with the passage of time and the continued development of the underlying criminal matter. See, *e.g. United States v. All Meat & Poultry Prods.*, 2006 WL 27119, at 2 (N.D. Ill. Jan. 4, 2006) (lifting stay in view of fact that, *inter alia*, "most of the criminal matters" had been "resolved" and only one convicted defendant remained in position to conceivably assert his privilege against self-incrimination). Accordingly, the parties will be requested to provide periodic joint status reports and this matter will be set for periodic status conferences so that the Court may be apprised of pertinent developments that may bear on whether maintaining the stay remains appropriate.

| STATEMENT |
|---|

### III. Conclusion

For the foregoing reasons, the Court grants Defendant Haleas's renewed motion to stay discovery [71] and Defendant City of Chicago's motion to join [77]. The stay of proceedings in this case is reinstated at least through the next status date in view of the ongoing criminal matters pertaining to Defendant Haleas. The parties are requested to file a joint status report by 4/30/2011 and this matter is set for further status on 5/5/2011 at 9:00 a.m.