**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICARDO CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 08-cv-2087 |
| | ) | |
| CITY OF CHICAGO, ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 11, 2008, Plaintiff Anthony Castro filed a complaint against the City of Chicago ("the City") and Chicago Police Officer John Haleas. The matter was stayed until September 18, 2012, when the stay was lifted by agreement of the parties. Defendants then moved to dismiss Plaintiff's claims, and Plaintiff moved to amend his complaint. The Court granted Plaintiff leave to amend, and Defendants now have moved to dismiss Plaintiff's amended complaint [119]. For the reasons set forth below, the Court grants in part Defendants' motion to dismiss [119] and dismisses Plaintiff's two federal claims. The Court dismisses without prejudice Plaintiff's state law claims for intentional infliction of emotional distress (conspiracy), malicious prosecution, and indemnification.

I.      **Background**[1]

On February 15, 2004, Plaintiff Ricardo Cruz was sitting on a porch with a large group of friends and family. Officer Haleas observed the large crowd and ordered the group to disperse.

---

[1]  For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

After Plaintiff refused to leave the area, Haleas purportedly placed him under arrest for the offense of driving under the influence of alcohol, even though he was not in a vehicle at the time.

On February 19, 2005, Plaintiff's common law wife, Pearl Lufrano, was driving in the area of 5420 W. Grand Ave., Chicago, Illinois. Plaintiff was seated between his children in the back seat of the vehicle. The vehicle's owner was seated in the front passenger seat. As Lufrano drove down Grand Avenue, Officer Haleas stopped the car. Upon approaching the vehicle, Haleas acknowledged that he remembered Plaintiff from arresting him one year earlier. Haleas then pulled Plaintiff out of the vehicle's back seat and placed Plaintiff under arrest for driving under the influence of alcohol. Haleas also placed Lufrano under arrest for child endangerment for allowing Plaintiff to operate a motor vehicle while their children were in the car. Plaintiff and his family were transported to the police station, where Officer Haleas falsely reported that Plaintiff, not Lufrano, was driving the vehicle and that Plaintiff attempted to conceal a beer can during the traffic stop. Plaintiff was charged with driving under the influence of alcohol and remained incarcerated for a day until his family was able to post the required bond.

Plaintiff alleges that Officer Haleas gave sworn grand jury testimony containing false reports and that, based on Haleas' perjured testimony, Plaintiff was indicted for driving under the influence of alcohol.[2] Plaintiff entered a plea of not guilty to the charged offense and was tried on October 6, 2006. The State's Attorney called Officer Haleas as a witness during its case in chief. Plaintiff alleges that during the trial, Officer Haleas falsely testified that Plaintiff was driving the vehicle under the influence of alcohol.[3] In turn, Plaintiff presented testimony from witnesses, including the vehicle's owner, who all testified that Plaintiff was not driving the

---

[2] The charges against Lufrano were dismissed.

[3] Plaintiff alleges, on information and belief, that the Chicago Police Department knew that Haleas gave false testimony and filed false reports in DUI cases, but took no action against him for more than two years.

vehicle at the time that Haleas initiated the traffic stop.  Judge Sullivan found Plaintiff guilty and revoked his bond.

On November 3, 2006, Plaintiff was sentenced to four years in the Illinois Department of Corrections.  In October 2007, Chicago media reported that the Cook County State's Attorney's Office had dismissed more than 50 DUI arrests involving Officer Haleas and was investigating his involvement in other DUI cases.  On December 1, 2007, Plaintiff filed a *pro se* petition for post-trial relief, which the Cook County State's Attorney did not oppose.  In his petition, Plaintiff maintained that Haleas filled out a false police report to get a conviction; that Haleas lied about Cruz being the driver of the car; and that Haleas fabricated the whole report to get a conviction. On December 20, 2007, Judge Sullivan signed an order dismissing all charges against Plaintiff and ordered his immediate release from the Illinois Department of Corrections.  According to Plaintiff, the only factor before the Court and the State's Attorney was Officer Haleas' credibility.  Haleas was eventually indicted for official misconduct, obstructing justice, and perjury in connection with an arrest of a different individual.

In his amended complaint, Plaintiff asserts federal claims for false arrest (conspiracy) and due process/fair trial (conspiracy) and state law claims of intentional infliction of emotional distress (conspiracy), malicious prosecution, and indemnification (against the City only).

## II.    Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case.  See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To survive a 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice

of the way the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed 2d 80 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

Defendants seek dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing, among other things, that Plaintiff's false arrest claim is time-barred and that his federal due process claim is really a federal malicious prosecution claim (which the Seventh Circuit does not recognize). Defendants also seek dismissal of Plaintiff's state law claims.

### A. Fourth Amendment -- False Arrest (Conspiracy)

Plaintiff alleges that he was falsely arrested in violation of the Fourth Amendment when Officer Haleas took him into custody on February 19, 2005. In the amended complaint, Plaintiff alleges that "other as yet unknown" co-conspirators conspired with Officer Haleas in this endeavor. Defendants maintain that Plaintiff's false arrest claim is time-barred.

The Seventh Circuit has been very clear in its assessment of the limitations periods: "[O]n the subject of the statute of limitations * * * * [w]hat a complaint must plead is enough to

show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense * * * * We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) (internal citations omitted); see also *United States Gypsum Co. v. Indiana Gas Co.*,350 F.3d 623 (7th Cir. 2003); *United States v. Northern Trust Co.,* 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol—Myers Squibb Co.,*372 F.3d 899 (7th Cir. 2004). In *Mitcheff*, the Court concluded by reminding judges to "respect the norm that complaints need not anticipate or meet potential affirmative defenses."

Despite these admonitions, the Seventh Circuit also has consistently reaffirmed that a plaintiff may plead himself out of court by alleging facts that are sufficient to establish a statute-of-limitations defense. See *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.,* 547 F.3d 841, 847 (7th Cir. 2008) (stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations omitted); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.2d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."); see

also *Baldwin v. Metro. Water Reclamation Dist. Of Greater Chicago*, 2012 WL 5278614, at *1 ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings * * * .") (quoting *Mitcheff*, 696 F.3d at 637). In the present case, Plaintiff has pled all of the necessary facts to resolve this issue. Where a plaintiff has pled facts which arguably establish an affirmative defense and both sides have briefed the issue, practical considerations—such as discovery costs, attorneys' fees, and judicial efficiency—provide courts with ample reasons to resolve a dispositive point of law early in a case, whether the parties have briefed the question as a 12(b)(6) or a 12(c) issue. In either case, a court's decision rests on the pleadings and whether a plaintiff has affirmatively pled himself out of court.

The length of the limitations period for a § 1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). The limitations clock on an action brought pursuant to § 1983 for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato* 549 U.S. 384, 397 (2007). For Plaintiff, that means that the limitations period began to run on or about February 19, 2005. See *id.* ("a false imprisonment ends once the victim becomes held pursuant to [legal process] – when, for example, he is * * * arraigned on charges"). In February 2005, Plaintiff clearly was aware of the alleged constitutional violations—specifically, his false arrest and the creation of a false police report. Plaintiff filed his initial complaint on April 11, 2008, more than three years after the alleged incident and one year and two months after the expiration

of the two-year statute of limitations. Accordingly, despite the egregious police misconduct alleged in his complaint, Plaintiff's false arrest claim is time-barred. Refurbishing his initial false arrest claim by tagging on an allegation of a "conspiracy" surrounding the false arrest does not expand the two-year statute of limitations.

### B. Due Process – Fair Trial (Conspiracy)

Plaintiff alleges that he was denied a fair trial because Officer Haleas "offered false testimony and fabricated evidence" at his October 2006 trial. Pl.'s Resp. at 8. Defendants maintain that Plaintiff is improperly casting a state law malicious prosecution claim as a federal claim by invoking the Due Process Clause.

The Seventh Circuit has expressly held that "[a] plaintiff cannot state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.'" *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) (quoting *McCann v. Mangiala*rdi, 337 F.3d 782, 786 (7th Cir. 2003)); see also *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, that claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *Graham v. Connor*, 490 U.S. 386, 394 (1989). Once Plaintiff's § 1983 claim shifted from a Fourth Amendment violation to a Fourteenth Amendment violation, his claim essentially became one for malicious prosecution, rather than for a due process violation. See *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (finding that "to the extent [plaintiff] maintains that [defendant] denied him due process by causing him to suffer a deprivation of liberty from prosecution and a contrived conviction * * * deliberately obtained from the use of false evidence,

his claim is, in essence, one for malicious prosecution, rather than a due process violation.") (internal citations omitted); *Brooks*, 564 F.3d at 833 (allegations of police "not disclosing known exculpatory evidence, perjuring themselves, submitting false charges as contained in criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial" was, in essence, a claim for malicious prosecution, rather than a due process violation); *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010) (plaintiff's due process claim—which included allegations that the police officers deliberately fabricated false statements, provided false allegations, and withheld exculpatory evidence—consisted of "nothing more than a hybrid" of his false arrest and malicious prosecution claims and was barred as a due process claim).

As the Seventh Circuit emphasized in *Newsome v. McCabe,* "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." 256 F.3d 747, 750 (7th Cir. 2001). Illinois has a common law tort action for malicious prosecution. *Miller v. Rosenberg,* 749 N.E.2d 946, 951-52 (Ill. 2001). Thus, any claim that Plaintiff has for malicious prosecution arises under Illinois law. *Newsome,* 256 F.3d at 750. In sum, Plaintiff cannot do an "end run" around the controlling Seventh Circuit precedent "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *McCann*, 337 F.3d at 786. Indeed, almost identical due process allegations to those asserted by Plaintiff in this case—that Officer Haleas and unknown co-conspirators drafted false police reports, encouraged prosecution with false evidence, and provided false testimony—have been squarely rejected by the Seventh Circuit in light of the availability of the state law claim of malicious prosecution. See *McCann*, 337 F.3d at 786; *Brooks, 5*64 F.3d at 833; *Fox,* 600 F.3d at 841; *Caine v. Burge*, 897 F. Supp. 2d 714, 717-723 (N.D. Ill. 2012) (concluding that *Newsome, McCann, Brooks,* and

*Fox* "clearly hold[] that claims alleging that police officers falsified or fabricated evidence sound only in malicious prosecution and therefore are not actionable under 42 U.S.C. § 1983 so long as state law supplies an adequate remedy—which Illinois does."). None of Plaintiff's allegations distinguish this case from the multiple cases cited above in which the Seventh Circuit has concluded that allegations of police "perjuring themselves, submitting false charges as contained in criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial" was, in essence, a claim for malicious prosecution, rather than a due process violation. See *Brooks,* 564 F.3d at 833; *Whitlock v. Brueggemann*, 682 F.3d 567, 580-87 (7th Cir. 2012) (holding that a *prosecutor* acting in an investigatory capacity who fabricates evidence that is used to obtain a wrongful conviction violates a convicted defendant's clearly established due process rights and thus is not entitled to qualified immunity); see also *Alexander*, 692 F.3d at 557 (discussing the holding of *Whitlock*). The allegations supporting Plaintiff's malicious prosecution claim are sound; however, as demonstrated below, this claim must be brought in state court.[4]

### C.     State Law Claims

Because the Court grants Defendants' motions to dismiss as to both of Plaintiff's federal claims (Counts I and II) over which it has original jurisdiction, it must now address whether to retain jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In addition to the federal claims, Plaintiff has asserted state law claims for malicious prosecution, intentional infliction of emotional distress, and an indemnification claim pursuant to 745 ILCS 10/9-102 against the City.

---

[4] Plaintiff does not assert a *Brady* claim, presumably because his contention is not that exculpatory evidence was suppressed at trial, but rather that false inculpatory evidence was presented. See *Alexander*, 692 F.3d at 556; *Newsome*, 256 F.3d at 752 ("If officers are not candid with prosecutors, then the prosecutors' decisions – although vital to the causal chain in a but-for sense – are not the important locus of action.").

The Seventh Circuit, animated by the principle of comity, consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993); see also *Wright v. Associated Ins. Co.*, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction * * *"); *Horton v. Schultz*, 2010 WL 1541265, at *4 (N.D. Ill. 2010). In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point to a federal decision of the state-law claims on the merits."

The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because Illinois law gives Plaintiff one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to re-file those claims in state court. See 735 ILCS 5/13-217; *Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008). Nor does it appear that Plaintiff would face in Illinois a potential obstacle in the form of a broad immunity from malicious prosecution suits conferred on governmental employees. See *Alexander*, 692 F.3d at 556 (citing Ind. Code § 34-13-3-3). The Illinois Local Governmental and Governmental Employees Tort Immunity Act contains a "specific immunity provision that applies to law enforcement, which essentially mirrors and codifies the malicious prosecution standard." *Holland v. City of Chicago,* 643 F.3d 248, 255 (citing 745 ILCS 10/2–208); see also

*Reno v. City of Chicago*, 2012 WL 2368409, at *6 (N.D. Ill. June 21, 2012). Section 10/2–208 provides that a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, *unless he acts maliciously and without probable cause*." 745 ILCS 10/2–208 (emphasis added). Here, Plaintiff's allegations appear to fall squarely within the exception. Finally, dismissal without prejudice also is appropriate here because substantial judicial resources have not been committed to the state law counts of Plaintiff's complaint. *Wright*, 29 F.3d at 1251.

Finding no justification for departing from that "usual practice" in this case, the Court dismisses without prejudice Plaintiff's state law claims to re-filing in state court within the one-year window provided by Illinois law. See *In re Repository Technologies, Inc.*, 601 F.3d 710, 724-25 (7th Cir. 2010); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.").

## IV. Conclusion

For the reasons set forth above, the Court grants in part Defendants' motion to dismiss [119] and dismisses Plaintiff's two federal claims. The Court dismisses without prejudice Plaintiff's state law claims for intentional infliction of emotion distress (conspiracy); malicious prosecution; and indemnity with leave to re-file in state court within the one-year window provided by Illinois law.

Dated: July 24, 2013

_____

Robert M. Dow, Jr.
United States District Judge